IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                      No. 20 CR 01777 MV

DAKOTA BRISCOE,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Dakota Briscoe's Motion for Severance. Doc. 69. The government filed a Response to the Motion [Doc. 78] and Mr. Briscoe filed a Reply [Doc. 80]. The Court, having considered the briefs, relevant law, and being otherwise fully informed, finds that the Motion is well-taken and will be granted.

## BACKGROUND

On July 14, 2020, a nine-count Superseding Indictment was filed, charging Mr. Briscoe with various offenses occurring on different dates. Doc. 84. In Counts 1 through 3, Mr. Briscoe is alleged to have committed the following offenses on August 28, 2020: carjacking in violation of 18 U.S.C. § 2119(1) (Count 1); using and carrying a firearm during and in relation to a crime of violence, possessing a firearm in furtherance of such crime, and discharging said firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 2); and possession with intent to distribute 50 Grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) Count 3). *Id.* In Counts 4 through 7, Mr. Briscoe is alleged to have committed the following offenses on September 7, 2020: attempted carjacking in violation of 18 U.S.C. § 2119(1) (Counts 4 and 5);

1

carjacking in violation of 18 U.S.C. § 2119(1) (Count 6); and using and carrying a firearm during and in relation to a crime of violence, possessing a firearm in furtherance of such crime, and discharging said firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 7). *Id.* Additionally, the Second Superseding Indictment charges Mr. Briscoe with Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924, first between August 1, 2020 and September 7, 2020 (Count 8), and also on September 16, 2020 (Count 9). *Id*.

On the instant Motion, Mr. Briscoe asks the Court to sever the counts charging him with felon in possession (Counts 8 and 9) from the remaining counts, to sever the counts charging him with offenses on August 28, 2020 (Counts 1 through 3) from the counts charging him with offenses on September 7, 2020 (Counts 4 through 7), and to sever the felon in possession charges (Counts 8 and 9) from each other.[1] Doc. 69 at 1. For the reasons set forth below, the Court finds that severance of the felon-in-possession charges from the remaining counts is warranted, that the counts charging Mr. Briscoe with offenses on August 28, 2020 should be severed from those charging him with offenses on September 7, 2020, and that the felon-in-possession counts should be severed from one another.

## STANDARD

Rule 8(a) of the Federal Rules of Criminal Procedure permits an indictment or information to charge a defendant in separate counts with two or more offenses if "the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of the common scheme or

---

[1] Mr. Briscoe's Motion was filed before the Second Superseding Indictment and uses the count numbers from the original indictment [Doc. 14]. Because the substance of the Motion is unchanged, but the count numbers are different, the Court will use the count numbers from the Second Superseding Indictment [Doc. 84].

plan." Fed. R. Crim. P. 8(a). The Tenth Circuit has urged that "Court[s] should construe 'Rule 8 ... broadly to allow liberal joinder to enhance the efficiency of the judicial system.'" *United States v. Bagby,* 696 F.3d 1074, 1086 (10th Cir. 2012) (omissions original) (quoting *United States v. Price,* 265 F.3d 1097, 1105 (10th Cir. 2001)).

Under Rule 14 of the Federal Rules of Criminal Procedure, however, a court "may order separate trials of counts" if joinder of offenses appears to unfairly prejudice a defendant or the government. Fed. R. Crim. P. 14(a). Notably, Rule 14 "does not *require* severance even if prejudice is shown." *Zafiro v. United States*, 506 U.S. 534, 538–39 (1993) (emphasis added). Instead, it is within the "sound discretion" of the district court to prescribe the proper relief to be granted. *Id*. at 539. The Tenth Circuit has repeatedly reiterated that "severance is a matter of discretion and not of right," and that "the defendant must bear a heavy burden of showing real prejudice to his case." *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir. 1984) (quoting *United States v. Petersen*, 611 F.2d 1313, 1331 (10th Cir. 1979) (citation omitted)); *see also United States v. Hall*, 473 F.3d 1295, 1302 (10th Cir. 2007); *United States v. Espinosa*, 771 F.2d 1382 (10th Cir. 1985) ("a defendant must show that 'actual prejudice' resulted" from a trial court's decision to deny severance). It is the defendant's burden to show that a denial of a request for severance would result in "actual prejudice" and not merely a better chance of acquittal in separate trials. *United States v. Trejo*, No. CR 18-1243-RB, 2018 WL 4684223 (D.N.M. Sept. 28, 2018) (citing *United States v. DeLeon*, 323 F.R.D. 672, 686 (D.N.M. 2017) (citation omitted)).

When offenses are of the same character, "prejudice to the defendant is more likely since proof of one crime may tend to corroborate the commission of the other crime." *United States v. Holland*, 10 F.3d 696, 699 (10th Cir. 1993) (quoting *United States v. Muniz*, 1 F.3d 1018, 1023 (10th. Cir. 1993)). The Supreme Court in *Zafiro* stated that "[w]hen the risk of prejudice is high,

a district court is more likely to determine that separate trials are necessary," but also noted that "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." 506 U.S. at 539.

Ultimately, the purposes of Rules 8 and 14 are to "promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." *Zafiro*, 506 U.S. at 540 (quoting *Bruton v. United States*, 391 U.S. 123, 131, n.6 (1968)). A trial court's determination on a motion to sever is reviewed for abuse of discretion. *Muniz*, 1 F.3d at 1023 (citing *United States v. Hernandez*, 829 F.2d 988, 990 (10th Cir. 1987)).

## DISCUSSION

### I.    The Court Will Sever the Counts Charging Offenses on August 28, 2020 from the Counts Charging Offenses on September 7, 2020.

Mr. Briscoe argues that joinder of the counts charging him with offenses on two separate days is inappropriate under Rule 8(a), because the incidents alleged to have occurred on August 28, 2020 were not part of the same act or transaction as those alleged to have occurred on September 7, 2020. Doc. 69 at 1. To the contrary, he asserts, the events of August 28, 2020, as charged in Counts 1 through 3, were completely unrelated and not of a similar character to the events of September 7, 2020, as charged in Counts 4 through 7. Further, he argues under Rule 14 that joinder would prejudice his defense against the charges arising from the events of August 28, 2020, because the government's theory in connection with the charges arising from the events of September 7, 2020 connects Mr. Briscoe to two homicides that occurred that same day. *Id.* at 6. Mr. Briscoe posits that the government is likely to introduce evidence of the double homicide as proof of motive or proof of a common scheme or plan in connection with the carjacking and attempted carjackings alleged to have occurred on September 7, 2020. *Id.* According to Mr.

4

Briscoe, jurors will not be able to compartmentalize this evidence and are likely to improperly convict Mr. Briscoe of the August 28, 2020 carjacking based on the double homicide. *Id.* Lastly, citing to *United States v. Valentine,* 706 F.2d 282, 291 (10th Cir. 1983), and *United States v. Sarracino,* 330 F.3d 1148, 1165 (10th Cir. 2003), Mr. Briscoe contends that joinder may prevent him from exercising his right to testify, as he may elect to testify in connection with certain charges but not others, and may not want to subject himself to cross-examination on some of the charges. *Id.* at 8.

The government takes the opposition position, arguing that the carjackings and attempted carjackings, regardless of the date on which they occurred, were all part of a common scheme or plan and are of the same or similar character. Doc. 80 at 4. Citing to *United States v. Hutchinson,* 573 F.3d 1011, 1023 (10th Cir. 2009), where the Court denied severance of charges arising out of drug trafficking operations, the government argues that offenses carried out in an identical manner can constitute a common scheme or plan. *Id.* at 4–5. The government emphasizes that there is no bright-line rule regarding temporal proximity and proper joinder under Rule 8(a). *Id.* As a result, the government argues that the charges were properly joined. *Id.* With respect to prejudice, the government argues that Mr. Briscoe's claim that the jury will be improperly influenced by evidence of the double homicide is speculative. *Id.* at 6. Lastly, the government argues that Mr. Briscoe has not made a sufficiently specific showing that his right to testify will be affected by the joinder. *Id.* at 9.

Construing Rule 8(a) broadly, as it must, "to allow liberal joinder to enhance the efficiency of the judicial system," the Court agrees with the government that all counts of the Second Superseding Indictment were properly joined. *United States v. Jones,* 530 F.3d 1292, 1298 (10th Cir. 2008) (quoting *United States v. Johnson,* 130 F.3d 1420, 1427 (10th Cir. 1997)). Specifically,

the charges set forth in Counts 1 through 3 arose out of a series of events during which Mr. Briscoe allegedly fled from a shootout, leaving methamphetamine in his car, and stole a vehicle to flee the scene. The charges set forth in Counts 4 through 7 arose out of a series of events during which Mr. Briscoe allegedly committed a double homicide and then stole a vehicle at gunpoint to flee the scene. Doc. 78 at 1–2. Thus, on both August 28, 2020, and September 7, 2020, Mr. Briscoe is alleged to have committed a crime and then, in an effort to flee the scene of that crime, to have attempted and/or succeeded in committing one or more carjacking offenses. The offenses charged in Counts 1 through 3 on the one hand, and those charged in Counts 4 through 7 on the other hand, thus were of a sufficiently similar nature, and arose out of a sufficiently similar series of events, despite having occurred approximately one week apart, to warrant joinder under Rule 8(a). *See United States v. Janus,* 48 F.3d 1548, 1557 (10th Cir. 1995) (finding that drug manufacturing charges and distribution of drug paraphernalia charges occurring on different dates were of the "same or similar character" and thus properly joined); *Bagby,* 696 F.3d at 1086 (declining to set a "per se temporal proximity" standard for joining drug and firearm counts).

The Court, however, agrees with Mr. Briscoe that severance of the counts related to the events of August 28, 2020 and those related to the events of September 7, 2020 is warranted under Rule 14. In connection with the events of September 7, 2020, the government's anticipated theory of prosecution is that Mr. Briscoe committed two attempted carjackings and one carjacking for the purpose of fleeing the scene of a double homicide that he allegedly committed earlier that morning. Doc. 69 at 6. This evidence would be admissible –with respect to the September 7, 2020 offenses *only* – to prove motive or to prove that the carjackings were part of a common scheme or plan. Fed. R. Evid. 404(b)(2). However, evidence of the double homicide would be *inadmissible* with respect to the August 28, 2020 charges, as it would constitute impermissible propensity evidence

under Rule 404(b)(1), and the government has not suggested that it would fit within any of the exceptions. Fed. R. Evid. 404(b)(1) (evidence of other crimes or wrongs is not admissible to prove a person's character to show that the person acted in accordance with his character on the date of the offense). Other circuits have held that when ruling on a motion to sever, a district court should determine whether the "spillover evidence" would be independently admissible on other counts. *See United States v. Busic,* 587 F.2d 577, 585 (3d Cir. 1978). This Circuit has declined to follow such a bright-line rule, but nevertheless has "recognized the persuasiveness of this guideline as an important factor in determining whether severance is advisable to assure a fair trial." *Valentine,* 706 F.2d at 290.

The government does not appear to deny that evidence of the double homicide would be inadmissible under Rule 404(b)(1), but nonetheless argues that this "spillover evidence" would not be unfairly prejudicial because the August 28, 2020 carjacking and September 7, 2020 offenses were part of a violent crime spree during which Mr. Briscoe utilized the same modus operandi. Doc. 78 at 5. In support of its argument, the government primarily points to case law dealing with charges arising out of the activity of drug trafficking organizations. *See, e.g., United States v. Hutchinson,* 573 F.3d at 1023 (district court did not abuse its discretion in denying motion to sever defendant's trial from codefendants' trial where defendant was accused of being the leader of a racketeering organization). But that analogy is inapposite here, as there is no suggestion that Mr. Briscoe was involved in an ongoing operation of any kind. In fact, there is no clear relationship between the offenses alleged to have occurred on August 28, 2020 and those alleged to have occurred on September 7, 2020, other than the fact that Mr. Briscoe is alleged to have committed both the August 28, 2020 and the September 7, 2020 offenses.

This case thus is distinguishable from Tenth Circuit precedent finding spillover evidence to be insufficiently prejudicial to warrant severance. *Valentine*, 706 F.2d at 290. Specifically, in *Valentine,* the Court found that "the relationship of the charges grew out of the defendant's own conduct," where the defendant was a suspected drug dealer and was charged with several drug and firearm offenses that arose out of a sale of cocaine to a confidential informant. *Id.* at 286. Although the guns in *Valentine* were discovered separately pursuant to a search warrant, because the government was arguing that Mr. Valentine was part of a drug deal, the "suggestion of involvement with firearms bolstered the prosecution's case on the drug charges and vice versa." *Id.* at 291. The facts of *Valentine* are distinguishable here, as the government is not arguing that Mr. Briscoe's involvement in the offenses of August 28, 2020 bolstered its case on the charges arising from the offenses of September 7, 2020, or vice versa. The government thus has provided no compelling reason for the Court to eschew the fact that evidence of the double homicide would be inadmissible in connection with the offenses arising out of the events of August 28, 2020 in determining whether severance is warranted.

The Court recognizes that there is a presumption that a jury will adhere to limiting instructions. *See Greer v. Miller,* 483 U.S. 756, 766 n.8 (1987). However, this presumption can be overcome when there is an "overwhelming probability" that the jury will be unable to follow the court's instructions and the evidence is devastating to the defense. *Id.* The Supreme Court has noted that "there are some contexts in which the risks that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." *Bruton v. United States,* 391 U.S. 123, 135 (1968). This case presents just such a context. Here, the government alleges that on the morning of September 7, 2020, Mr. Briscoe murdered two men and set a car on fire with the

deceased bodies inside. Doc. 78 at 2. There is no allegation that these murders were connected to any of the events that occurred on August 28, 2020. *Id.* In *Bruton,* the Court held that severance was warranted because there was a significant risk that the jury would not follow limiting instructions and disregard the "powerfully incriminating extrajudicial statements of a codefendant." *Id.* If jurors would struggle to compartmentalize incriminating out-of-court statements from codefendants, there is an incredibly strong possibility that, in this case, jurors will be unable to compartmentalize evidence of a double murder where the bodies were left to burn in a car.

Accordingly, because the evidence of the homicides on September 7, 2020 would be both inadmissible to prove the charges from August 28, 2020 and extremely prejudicial to Mr. Briscoe, the Court finds that Counts 1 through 3 must be severed from Counts 4 through 7.[2]

## II.   The Court Will Sever the Felon-in-Possession Counts from the Remaining Counts.

Mr. Briscoe argues that, because they are not of a similar character to the carjacking or drug charges, joinder of the felon-in-possession counts with the remaining counts of the Second Superseding Indictment is improper. Doc. 80 at 2. Mr. Briscoe further argues that, even if properly joined, he will be unfairly prejudiced by the joinder of these counts, because, to prove that he was

---

[2] As the government notes in its response, Mr. Briscoe has not satisfied the burden of establishing that his right to testify will be affected by the joinder of Counts 1 through 3 with Counts 4 through 7 of the Second Superseding Indictment. *See United States v. Martin*, 18 F.3d 1515, 1518 (10th Cir. 1994) (finding that the defendant must present "a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other"). But as detailed in this Opinion, the Court determines that Mr. Briscoe *has* met his burden of establishing that, in connection with Counts 1 through 3, he would be actually prejudiced by the introduction of evidence about the September 7, 2020 double homicide. The Court thus decides the issue of severance on this independent basis, and Mr. Briscoe's failure to properly establish that his right to testify will be affected by joinder is not dispositive.

a felon-in-possession, the government will be obligated to present the jury with evidence of his prior felony convictions, which could lead the jury to conclude that he is guilty of the carjacking and drug charges simply because he is a convicted felon. Doc. 69 at 4. Lastly, Mr. Briscoe argues that a limiting instruction would be insufficient to cure the prejudice resulting from joinder of the charges because the government intends to argue that the offenses were all part of one violent crime spree and, if the jury believes this argument, it will be unable to separate out his prior violent felonies from the ones at issue here. *Id.* at 10.

The government counters that the felon-in-possession charges were properly joined with the carjacking and drug charges because those charges were a part of a common scheme and are of the same or similar character as Mr. Briscoe's possession of a gun. Doc. 78 at 4. The government also contends that evidence of Mr. Briscoe's status as a convicted felon is not necessarily inadmissible propensity evidence in relation to the carjacking and drug charges. *Id.* at 8. Further, the government argues that to cure any potential prejudice, Mr. Briscoe could seek a limiting instruction or agree to a stipulation. *Id.* at 8. Finally, the government suggests that Mr. Briscoe's request for severance is premature because there has been no discussion between the parties as to whether Mr. Briscoe will stipulate to the fact of his prior felony convictions and his knowledge thereof at the relevant time. *Id.*

Under the applicable liberal standard detailed above, the Court finds that the felon-in-possession counts were properly joined with the remaining counts under Rule 8(a). In *Johnson,* the Tenth Circuit held that joinder of felon in possession charges with drug charges was proper where "the handgun was arguably related to and part of [defendant's] drug trafficking scheme." 130 F.3d at 1427. Here, the handgun that forms the basis of felon-in-possession charge in Count 8 is the same handgun that Mr. Briscoe is alleged to have used to commit the carjacking offenses

charged in Counts 1 through 3 and in Counts 4 through 7. Accordingly, joinder was proper. Count 9 (felon in possession) is the same charge as Count 8 but the charge involves a different handgun and the alleged possession occurred on September 16, 2020, about a week after the possession in Count 8.  Despite the weeklong gap between the two counts, they were properly joined under Rule 8(a) because they charge Mr. Briscoe with the same offense. *See Janus,* 48 F.3d at 1557 (finding that drug manufacturing and distribution charges were properly joined because they were sufficiently similar); *see also United States v. Hollis,* 971 F.2d 1441, 1456 (10th Cir. 1992) (finding that mail fraud charges and bank fraud charges occurring on different dates were of the same character).

Nevertheless, the Court finds that joinder of the felon-in-possession charges with the remaining charges poses a significant risk of unfair prejudice against Mr. Briscoe. While the mere fact that evidence from one count will "spillover" into another is not sufficient grounds to grant a severance, a serious risk of a compromise of a defendant's trial right is. *United States v. Aguirre,* 108 F.3d 1228, 1233 (10th Cir. 1997). Here, joinder of the offenses would undermine Mr. Briscoe's right to a fair trial because there is a substantial risk that the jury will be unable to compartmentalize the information regarding Mr. Briscoe's prior felony convictions.  The jury may and, in fact, must consider evidence of Mr. Briscoe's prior felony convictions in determining whether the government has met its burden of proving the elements of the two felon-in-possession charges.  In contrast, however, the jury may not consider evidence of Mr. Briscoe's prior felony convictions in determining his guilt as to the carjacking and drug charges (and the firearm enhancements related thereto), unless the government can show that this evidence fits into an exception to the prohibition on propensity evidence.  In other words, evidence of Mr. Briscoe's prior acts would be admissible only if it is admitted for a proper purpose under Rule 404(b), and

its probative value is not substantially outweighed by its potential for unfair prejudice. *See United States v. Segien,* 114 F.3d 104, 1022 (10th Cir. 1997), *overruled on other grounds in United States v. Hathaway,* 318 F.3d F.3d 1001 (10th Cir. 2003), (finding that Rule 404(b) is "one of inclusion . . . unless the evidence is introduced for the impermissible purpose" of proving character); *United States v. Smalls,* 752 F.3d 1227, 1237 (10th Cir. 2014) (even where prior act evidence falls within the 404(b) exceptions, the Court must make a Rule 403 determination of whether the probative value of the similar acts is outweighed by its potential for unfair prejudice).

In *Jones*, the Tenth Circuit found that felon-in-possession charges were properly joined with robbery charges.  213 F.3d at 1261. But in that case, Mr. Jones had stipulated to a prior felony conviction, which shielded the jury from hearing any prejudicial details of his prior offenses. *Id.* In contrast, in the instant case, Mr. Briscoe has *not* stipulated to any prior felony convictions.[3]

Pursuant to the Supreme Court's decision in *Rehaif v. United States*, to prove a felon-in possession-charge in violation of 18 U.S.C. § 922(g)(1), the government must prove that the defendant knew that he belonged to the relevant category of persons barred from possessing a firearm. 139 S. Ct. 2191, 2200 (2019). Although the Court did not elucidate precisely what the Government must prove to establish knowledge, Justice Alito dissented from the majority opinion because "it is questionable whether a defendant, by offering to stipulate that he has a prior conviction, can prevent the prosecution from offering evidence about the nature of that offense." *Id.* at 2209 (J. Alito, dissenting). Thus, to show proof of Mr. Briscoe's knowledge, the government may be required to provide evidence of the details of Mr. Briscoe's prior felony convictions (which

---

[3] The government asserts that the parties have not yet discussed whether Mr. Briscoe will stipulate to his prior felony conviction and knowledge of his status as a person prohibited from possessing a firearm. Doc. 78 at 7. Whether there have been discussions between the parties, the fact remains that Mr. Briscoe has not agreed to a stipulation.

include armed robbery, attempted burglary, aggravated assault, and other offenses), regardless of whether he does, in fact, stipulate to having a prior felony conviction. Accordingly, with or without a stipulation, there is a significant risk that, if allowed to hear evidence of the details of Mr. Briscoe's prior felony convictions, the jury will be unable to compartmentalize those details but rather will consider them not only to determine Mr. Briscoe's guilt as to the felon-in-possession counts, but also when deliberating as to the carjacking and drug offenses (and the firearm enhancements related thereto). *See United States v. Joshua,* 976 F.2d 844, 848 (3d Cir. 1992) (bifurcated trial warranted where jury likely would have been prejudiced by introduction of prior convictions to prove felon in possession charges); *Zafiro,* 506 U.S. at 539 (finding that there is a serious risk that a joint trial would compromise a specific trial right of a defendant where evidence that the jury should not consider against one defendant and is otherwise inadmissible is nonetheless admitted against a codefendant); *see also United States v. Lewis,* 787 F.2d 1318 (9th Cir. 1986) ("It is much more difficult for jurors to compartmentalize damaging information about one defendant derived from joint counts . . . than it is to compartmentalize evidence against separate defendants joined for trial.") (citations omitted).

Nor does the Court find that a limiting instruction will be sufficient to cure this prejudice. As discussed above, the Court recognizes that there is a presumption that a jury will adhere to a limiting instruction.  Also as discussed above, this presumption can be overcome when there is an overwhelming probability that the jury will be unable to follow the court's instructions and the evidence is devastating to the defense. Particularly relevant here, it has been long recognized that jurors have difficulty dismissing evidence of prior convictions. *Old Chief v. United States*, 519 U.S. 172, 181 (1997).  In *Old Chief*, the Supreme Court noted that, even where relevant, evidence of prior convictions introduces "the risk that a jury will convict for crimes other than those

charged–or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment." *Id.* (citations omitted). Such propensity evidence thus "is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge." *Michelson v. United States,* 335 U.S. 469, 476 (1948).

According to the government, evidence of Mr. Briscoe's prior convictions may be admissible in connection with the carjacking and drug offenses under an exception to the prohibition on propensity evidence, namely, for the specific purpose of showing motive under Rule 404(b)(2). Doc. 78 at 8 Notably, the government has not filed a notice of intent to present evidence under Rule 404(b), let alone demonstrated that it can carry its burden to establish the admissibility of such evidence.

Indeed, even assuming that evidence of Mr. Briscoe's prior convictions is admissible under Rule 404(b) to establish motive in connection with the carjacking and drug offenses, the need for the Court to sever the felon-in-possession charges from the remainder of the charges would not be obviated and, in fact, might even be heightened. This is because, if prior conviction evidence is admitted to establish motive in connection with the carjacking and drug offenses, but also is admitted to prove the elements of the felon-in-possession offenses, the jury likely would hear *two* separate instructions on how to consider the prior conviction evidence. Specifically, in connection with the felon-in-possession charges, the jury would be instructed to consider the prior conviction only as it bears on whether the government proved that Mr. Briscoe was, at the time of the offenses, a convicted felon and had knowledge that he was barred from owning firearms as a result of that status. But at the same time, in connection with the carjacking and drug charges, the jury would be given a limiting instruction, cautioning them to consider prior conviction evidence

"only as it bears on the defendant's motive and for no other purpose." Tenth Cir. Pattern Instructions 1.30. Thus, the jury would have to parse out these conflicting instructions. Given that there are nine total counts in this case, with these conflicting instructions, it is highly probable that the jury would be confused as to what evidence it would be permitted to consider as to each count and for what purpose.

Finally, while severance might not further the discrete interest of judicial efficiency, judicial efficiency is prioritized only if it "can be achieved without substantial prejudice to the right of the defendant to a fair trial." *Zafiro,* 506 U.S. at 40 (quoting *Bruton v. United States,* 391 U.S. 123, 131, n.6 (1968)). The Court has a real concern that, if the felon-in-possession counts are not severed from the remaining counts in the Second Superseding Indictment, jurors will be unable to follow the Court's instructions to consider the evidence of prior convictions differently as to the different counts. And if this happens, the jury well might improperly consider Mr. Briscoe's prior acts as propensity evidence in determining his guilt as to the carjacking and drug offenses. Mr. Briscoe thus faces actual and unfair prejudice if all the counts are tried together; accordingly, the felon-in-possession counts (Counts 8 and 9) will be severed from the carjacking and drug counts (and the firearm enhancements related thereto) (Counts 1 through 3 and Counts 4 through 7).

### III.   The Court Will Sever the Two Felon-in-Possession Charges (Counts 8 and 9) from One Another.

The two felon-in-possession counts relate to different time periods, namely August 1 to September 7, 2020 (Count 8), and September 16, 2020 (Count 9). Mr. Briscoe is also alleged to have used one gun in connection with the charges in Count 8, and another gun in connection with the charges in Count 9. Mr. Briscoe argues that these two counts were improperly joined under Rule 8(a). He further argues that severance is warranted under Rule 14, due to the prejudicial effect that admission of the evidence of the double homicide that occurred on September 7, 2020

15

would have on his defense against the charges arising from his alleged possession of a firearm on

September 16, 2020. *Id.* The government recognizes that the two counts relate to separate time

periods and different firearms, but nonetheless urges the Court to refrain from severing the felon-

in-possession counts in the interest of judicial efficiency. Doc. 78 at 9.

      Under the applicable liberal standard detailed above, the Court finds that the two felon-in-

possession counts were properly joined with each other. Despite the weeklong gap between the

two counts and the use of different firearms in connection with each count, the Court finds that the

two counts were properly joined under Rule 8(a), because they charge Mr. Briscoe with the same

offense. *See Janus,* 48 F.3d at 1557 (finding that drug manufacturing and distribution charges were

properly joined because they were sufficiently similar); *see also United States v. Hollis,* 971 F.2d

1441, 1456 (10th Cir. 1992) (finding that mail fraud charges and bank fraud charges occurring on

different dates were of the same character).

      The Court, however, finds that severance is warranted under Rule 14. In order to prove

possession as to Count 8 (charging Mr. Briscoe with being a felon in possession from August 1,

2020 to September 7, 2020), the government will likely introduce evidence of the September 7,

2020 double homicide. For the same reasons discussed above with respect to severance of Counts

1 through 3 from Counts 4 through 7, there is a substantial risk that the jury will be unable to

compartmentalize evidence of the double homicide if the two felon-in-possession charges are tried

together. There is no suggestion that the handgun discovered on September 16, 2020 is at all

connected to any of the attempted carjackings and actual carjackings that allegedly took place on

August 28, 2020 and September 7, 2020, or to the double homicide that allegedly took place on

September 7, 2020. Nor has the government established that the double homicide would fit within

one of the Rule 404(b) exceptions in connection with Mr. Briscoe's alleged possession of a firearm

on September 16, 2020. Accordingly, because the evidence of the homicides on September 7, 2020 would be inadmissible to prove that Mr. Briscoe was a felon-in-possession on September 16, 2020 and is extremely prejudicial to Mr. Briscoe, the Court finds that the two felon-in-possession counts must be severed from one another.

## CONCLUSION

The Court finds that, although the counts in the Second Superseding Indictment were properly joined under Rule 8(a), pursuant to Rule 14, Mr. Briscoe will face unfair prejudice if the counts are not severed as follows: the counts arising from offenses alleged to have occurred on August 28, 2020 must be severed from the counts arising from offenses alleged to have occurred on September 7, 2020; the two felon-in-possession counts must be severed from the remaining counts; and the two felon-in-possession counts must be severed from one another.

**IT IS ORDERED** that Defendant Dakota Briscoe's Motion for Severance [Doc. 69] is **GRANTED**, as follows: Counts 1 through 3 shall be severed from Counts 4 through 7; Counts 8 and 9 shall be severed from Counts 1 through 3 and from Counts 4 through 7; and Count 8 shall be severed from Count 9. The Court further orders that the trials will be held in the following order: Counts 4–7, Counts 1–3, Count 8, Count 9.

Dated this 13th day of October, 2023.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE