UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                      No. 20-CR-1777 MV

DAKOTA BRISCOE,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on four of the Government's Motions *in Limine*: United States' Motion *In Limine* to Introduce *Res Gestae* Evidence and Notice of Intent of 404(b) Evidence: Firearm Purchase ("Firearm Purchase MIL") [Doc. 137]; Notice of Evidence Pursuant to Federal Rule of Evidence 609 ("Rule 609 MIL") [Doc. 139]; United States' Motion *In Limine* to Exclude Duress Defense at Trial ("Duress MIL") [Doc. 144]; and United States' Motion *In Limine* to Exclude Any Information Only Known to Defendant ("Defendant Information MIL") [Doc. 145]. Having considered the briefs and the relevant law, and being otherwise fully informed, the Court finds as follows: the Firearm Purchase MIL is well taken and will be granted; the Rule 609 MIL is well taken and will be granted; the Court will reserve ruling on the Duress MIL; and the Defendant Information MIL is denied as unripe.

**BACKGROUND**

Mr. Briscoe is charged, *inter alia,* with two counts of Attempted Carjacking in violation of 18 U.S.C. § 2119(1), one count of Carjacking in violation of 18 U.S.C. § 2119(1), and one count of Using and Carrying a Firearm During and In Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The case is set for trial on Counts 4 through 7 of the Second

1

Superseding Indictment on December 4, 2023. Doc. 130.

## DISCUSSION

**1. Firearm Purchase MIL**

   **A. Facts**

The instant case stems from a series of events alleged to have started on August 1, 2020. Doc. 78 at 1. That day, Mr. Briscoe's wife, Angela Salcido, purchased a firearm and ammunition from JCT Firearms in Bernalillo County. Doc. 42 at 3; Doc. 78 at 1. Witnesses from the store confirmed that Ms. Salcido purchased the firearm and ammunition and a representative from JCT Firearms later showed investigators the sales receipt, the ATF Form 4473 filled out by Ms. Salcido, and an example of the firearm that she purchased. Doc. 42 at 4. Video surveillance from the gun store shows Ms. Salcido giving Mr. Briscoe the firearm in the parking lot. Doc. 78 at 1. Ms. Salcido has admitted to her role in purchasing the gun and ammunition for Mr. Briscoe. Doc. 42 at 5. The government alleges that Mr. Briscoe then used this firearm to commit the double-homicide and carjackings that occurred on September 7, 2020. Doc. 137 at 1. For her role in the offense, Ms. Salcido was charged jointly in a Superseding Indictment with Mr. Briscoe. Doc. 14. She pleaded guilty to False Statements in Conjunction with the Acquisition of a Firearm, in violation of 18 U.S.C. §§ 922(a)(6), 924, Transfer of a Firearm and Ammunition to a Prohibited Person, in violation of 18 U.S.C. §§ 922(d)(10), 924, and False Statement in a Firearms Transaction, 18 U.S.C. § 924(a)(1)(A). *United States v. Angela Salcido,* 20-CR-1777-MV-2, Doc. 90.  She was sentenced to one day in custody, or time-served, and was placed on supervised release for three years. *Id.*

   **B. Discussion**

The government seeks to introduce evidence that, on August 1, 2020, Mr. Briscoe's wife,

Angela Salcido, purchased a firearm and ammunition for him at JCT Firearms in Albuquerque. Doc. 137 at 1. They argue that the evidence is admissible as *res gestae* evidence, or, in the alternative, as Rule 404(b) Evidence. *Id*. Because the purchase of the firearm was "the first domino to fall in the series of events that followed," the government argues that it is admissible *res gestae* evidence. *Id.* at 2. The government alleges that the testimony of witnesses at the store, the receipt of the transaction, the surveillance footage in which Ms. Salcido gives Mr. Briscoe the firearm, and Ms. Salcido's plea agreement where she admits that she bought the gun for Mr. Briscoe are direct evidence that Mr. Briscoe knowingly possessed and used a firearm to commit the carjackings. *Id.* at 3. In the alternative, the government argues that this is admissible 404(b) evidence because it shows identity, motive, intent, and preparation. *Id.* at 4.

The Tenth Circuit has held that "evidence is intrinsic—and thus not subject to Rule 404(b)—when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were *necessary preliminaries* to the crime charged." *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011) (citations and quotations omitted) (emphasis added). Moreover, there is no requirement that intrinsic evidence establish an element of the charged offense. *Id.* Rather, "[e]vidence is considered 'intrinsic' when it is directly connected to the factual circumstances of the crime and *provides contextual or background information to the jury*, and 'extrinsic' when it is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense." *United States v. Alfred*, 982 F.3d 1273, 1279 (10th Cir. 2020), *cert. denied*, 141 S. Ct. 2834 (2021) (emphasis added). Thus, intrinsic evidence is "essential to the context of the crime." *Irving*, 665 F.3d at 1212. For example, in *United States v. Duncan,* the Tenth Circuit held that evidence of a prior shooting was admissible as intrinsic evidence in a felon-in-possession trial. 766 F. App'x

3

604, 608 (10th Cir. 2019) (unpublished). The Court reasoned that the evidence of the prior shooting "connected the gun recovered by the police" to the defendant and was necessary to show possession of the firearm. *Id.*

Even if evidence is intrinsic, it may still be excluded under Rule 403. *Irving,* 665 F.3d at 1213. To be unfairly prejudicial, evidence must be likely to provoke an emotional response in the jury or "otherwise tend[] to affect adversely the jury's attitude toward the defendant wholly apart from its judgement as to his guilt or innocence of the crime charged." *United States v. Tan,* 254 F.3d 1204, 1211–12 (10th Cir. 2001). Exclusion under Rule 403 is an "extraordinary remedy" that should be used "sparingly." *United States v. Rodriguez,* 192 F.3d 946, 949 (10th Cir. 1999).

Here, the defense argues that evidence of the August 1, 2020 purchase of the firearm is not *res gestae* evidence because it was not "part and parcel" of the commission of the carjackings. Doc. 164. at 6 In support of that argument, the defense asserts that there is no close temporal proximity between the purchase and the commission of the carjackings. *Id.* The defense's argument is unavailing.

Evidence that Mr. Briscoe's wife purchased a gun and gave it to him on August 1, 2020 is intrinsic evidence because Mr. Briscoe is alleged to have used that same gun in the commission of the carjackings on September 7, 2020. The purchase of the gun was therefore a "necessary preliminary" to the instant offenses. *Irving,* 665 F.3d at 1212. Although the defense argues that the purchase of the firearm was not part of a scheme or plan, intrinsic evidence does not have to be tied to an overarching scheme or plan, so long as it is directly connected to the crime and provides contextual information to the jury. *Id.* Mr. Briscoe may not have had his wife purchase the gun as part of an ongoing conspiracy, but he is accused of using the gun to intimidate Jane Does 1, 2, and 3, in order to steal their vehicles. Doc. 137 at 1. The gun is thus directly connected to the instant

offenses and provides contextual information to the jury, namely how Mr. Briscoe came to be in possession of the gun. At least one other court has found that evidence of purchase and receipt of a gun is relevant where that gun was used to commit the crime charged. *See United States v. Vetri,* 15-cr-157, 2017 WL 11368300, at *2 (E. D. Pa. Nov. 22, 2017) (evidence that defendant had purchased a firearm through a "straw purchasing scheme" was intrinsic evidence because firearm he purchased was firearm he used to shoot victim in case before the court). Further, there is no requisite that intrinsic evidence must be close in time to the charged crimes, so long as the evidence is directly connected to the crimes charged. *Irving,* 665 F.3d at 1212 (evidence from a drug investigation two years prior to instant offense was still intrinsic).

The government thus may introduce into evidence the receipt of the firearm transaction, the surveillance footage in which Ms. Salcido is depicted giving Mr. Briscoe the firearm, and testimony from witnesses who were at the store. Consistent with this Court's severance order, the government has represented that it will not admit evidence that Mr. Briscoe ordered Ms. Salcido to purchase the firearm because he was a convicted felon. Doc. 137 at 5. Because this Court has determined that evidence of Mr. Briscoe's prior convictions would be unfairly prejudicial, *see* Doc. 130, there is a significant risk that the introduction of Ms. Salcido's redacted plea agreement could give rise to the inference that the purchase of the firearm was a criminal act. Accordingly, the government may only introduce evidence of the redacted plea agreement for impeachment purposes should Ms. Salcido testify untruthfully.

**2. Rule 609 MIL**

Should Mr. Briscoe testify, the government seeks to cross-examine him regarding two of his prior felony convictions, one for armed robbery with a deadly weapon and the other for conspiracy to commit armed robbery. Doc. 139 at 1. The government alleges that both convictions

qualify under Rule 609 because the date of release from confinement on both convictions occurred in August 2016, placing them within the ten-year limitation. *Id.* The defense argues that evidence of Mr. Briscoe's prior convictions should not be admitted because the prejudicial effect would outweigh their probative value. Doc. 161 at 1. The defense argues that the prior convictions have little probative value for impeachment purposes since they do not involve an element of dishonesty. *Id.* at 2. Because the convictions for armed robbery and conspiracy to commit armed robbery are similar in nature to the charges at issue here, the defense further argues that there is a risk that the jury will assume that Mr. Briscoe is a habitual criminal. *Id.* at 3.

Rule 609(a) of the Federal Rules of Evidence governs the admission of prior criminal convictions for the purpose of "attacking a witness's character for truthfulness." Fed. R. Evid. 609(a). For prior felony convictions, Rule 609(a)(1)(B) directs in relevant part that evidence of the crime of conviction "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). In the context of Rule 609, the Tenth Circuit has identified five factors that courts should consider when deciding whether to exclude evidence of a defendant's prior convictions: (1) the impeachment value of the defendant's prior offenses; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past offenses and charged crimes; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial. *United States v. Smalls,* 752 F.3d 1227, 1240 (10th Cir. 2014).

With respect to the first factor, the Court in *Smalls* noted that "the implicit assumption of Rule 609 is that prior felony convictions have probative value" but that their probative value "necessarily varies with their nature and number." 752 F.3d at 1240 (quoting *United States v. Burston,* 159 F.3d 1328, 1335 (11th Cir. 1998)). The impeachment value of a defendant's prior

crimes is more significant where the conviction "involves a crime that bears on a defendant's credibility." *United States v. Barker,* No. 21-CR-175, 2023 WL 2663241, at *4 (E. D. Okla. March 28, 2023). In *United States v. Halbert,* the Tenth Circuit held that a prior conviction for aggravated robbery was properly admitted for impeachment purposes under Rule 609 because it "cast doubt on the robber's regard for truth." 668 F.2d 489, 495 (10th Cir. 1982). However, it should be noted that the *Halbert* decision predates the Tenth Circuit's decision in *Smalls*, where it recognized that different offenses could have varying levels of probative value. And other courts have found that crimes such as aggravated assault and robbery do not have significant probative value. *See, e.g., Gordon v. United States,* 383 F.2d 936, 940 (D. C. Cir. 1967) ("acts of violence . . . generally have little or no direct bearing on honesty and veracity"); *Furtado v. Bishop,* 604 F.2d 80, 93–94 (1st Cir. 1979) (finding that convictions for armed robbery, burning a building, and assault and battery were "not particularly probative of credibility"); *Barker,* 2023 WL 2663241, at *4 ("Crimes of violence, generally, have little impeachment value.").

Secondly, some courts have found that the probative value of prior convictions is higher when the convictions occur close in time to the charged offense because they indicate that the defendant's character has not been rehabilitated. *See, e.g., United States v. Field,* 625 F.2d 862, 872 (9th Cir. 1980) (conviction less than two years old was more probative than "comparatively older" convictions within the ten-year limit); *United States v. Romero,* No. 21-CR-00559, 2023 WL 2413812, at *5 (D.N.M. March 8, 2023) ("The date of the conviction. . . occurred prior to the trial in this case and is close in time to be of relevance to the jury when considering [the defendant's] credibility.").

Regarding the third factor, when prior convictions are similar to the crimes charged, there is a danger that the "jury will regard past convictions of similar crimes as evidence of . . . a

7

willingness to commit the crime charged." *United States v. Toney,* 27 F.3d 1245, 1254 (7th Cir. 1994) (quoting *United States v. Rein,* 848 F.2d 777, 783 (7th Cir. 1988)). Notably, the Court in *Smalls* found that the defendant's prior convictions relating to altercations with the defendant's wife were "dissimilar enough from the murder charge such that a jury would not convict Smalls on the basis of propensity reasoning." 752 F.3d at 1240.

Turning to the fourth factor, some courts have interpreted the *Smalls* decision to mean that if the defendant's testimony is central to the trial, the court should admit the prior convictions. *Romero,* 2023 WL 2413812, at *5. Other courts, however, have held that if the defendant's testimony is central to the trial, courts must be careful in admitting prior convictions if doing so would prevent the defendant from testifying. *Gordon,* 383 F.2d at 940 ("the trial judge should decide whether it is "more important that the jury have the benefit of the defendant's version of the case than to have the defendant remain silent out of fear of impeachment"); *see also United States v. Ahaisse,* No.20-CR-0106, 2021 WL 2290574, at *3 (W. D. Okla. June 4, 2021) ("[T]he Court must determine whether apprehension of potential impeachment by prior convictions will cause the defendant to abstain from testifying, thus damaging his right to a full defense."); *United States v. Parson,* No. 21-CR-0112, 2021 WL 4523496, at *5 (N. D. Okla. Oct. 4, 2021) ("If the prior conviction is incredibly damaging, that counsels against admitting the prior conviction."); *United States v. Freeman,* No. 20-CR-0142, 2021 WL 2222735, at *4 (N. D. Okla. June 2, 2021) (same). The Tenth Circuit has recognized the potential impact of admitting prior convictions on a defendant's decision to testify, as it noted in *Halbert* that admission of the prior convictions in that case would not prevent the defendant from testifying because he had three corroborating witnesses. 668 F.2d at 495.

Lastly, courts must consider the centrality of the defendant's credibility at trial. *Smalls,* 752

F.3d at 1240. If a defendant's credibility is central to the trial, jurors should have access to information that will allow them to properly assess the defendant's testimony. *United States v. Johnson,* 720 F.2d 519, 522 (8th Cir. 1983) (importance of defendant's credibility is a reason to admit conviction to impeach); *see also Weinstein's Federal Evidence* § 609.5 (3)(f) ("When the defendant's credibility is a central issue, this weighs in favor of admitting a prior conviction."). A defendant's credibility is important, for instance, "where a case is reduced to a swearing contest between witnesses." *Ahaisse,* 2021 WL 2290574, at *3.

When a defendant testifies, on cross-examination "it is improper for the prosecution to examine into the details of the crime for which the accused was convicted." *United States v. Wolf,* 561 F.2d 1376, 1381 (10th Cir. 1977). Instead, the cross-examination must be confined "to a showing of the essential facts of convictions, the nature of the crimes, and the punishment." *Id.* For instance, in *United States v. Albers,* the Tenth Circuit held that the prosecution improperly questioned the defendant on the underlying facts of prior conviction for theft by asking about the impact of his former crimes on the victims. 93 F.3d 1469, 1479 (10th Cir. 1996). Accordingly, the Court held that the prosecution went beyond the scope of Rule 609 because it can only question the defendant about the "general nature" of the prior conviction. *Id.*

Applying the *Smalls* factors here, the Court finds as follows. First, Mr. Briscoe's prior convictions are for armed robbery with a deadly weapon and conspiracy to commit armed robbery. Doc. 161 at 1. Although these convictions do not involve an element of false statement or dishonesty, the Tenth Circuit has recognized that aggravated robbery can cast doubt on the defendant's character for truthfulness. *Halbert,* 668 F.2d at 495. Nevertheless, because these are crimes of violence, the probative value of the convictions for impeachment is limited. *Gordon* 383 F.2d at 940; *Furtado,* 604 F.2d at 93–94.

9

Second, while both convictions are within the admissible ten-year period, both of the prior convictions involve crimes that occurred in 2011, nine years prior to the instant offenses. The Court finds that Mr. Briscoe's convictions do not have a sufficiently close connection in time to the instant offenses to be relevant with respect to his character for truthfulness. *See United States v. Fountain*, 642 F.2d 1083, 1093 (7th Cir. 1981) (finding that lack of "close connection in time" weighed against admission where a defendant had a prior conviction from five years earlier).

Third, both of Mr. Briscoe's prior convictions are arguably similar to the charged crimes, as both contain elements that the defendant took some property by force, violence, or intimidation. Doc. 161 at 5. This similarity poses the risk that the jury could consider the prior convictions as impermissible propensity evidence. *Smalls,* 752 F.3d at 1240. The Court gives considerable weight to this factor, noting that the Advisory Committee Notes to Rule 609 state that defendants "face a unique risk of prejudice—i.e., the danger that convictions excluded under Fed. R. Evid. 404 will be misused by a jury as propensity evidence despite their introduction solely for impeachment purposes." Rule 609 Advisory Committee Notes (1990).

Fourth, the defense has represented that Mr. Briscoe's testimony could be central to the trial, as there is no evidence that Jane Doe 1, Jane Doe 2, or Jane Doe 3 suffered any injuries during the alleged carjackings. Doc. 161 at 3. Therefore, the jury would have to evaluate their word against Mr. Briscoe's word. *Id.* Given the potential importance of his testimony and the risk that the jury would consider his prior similar convictions as propensity evidence, admission of the prior convictions might prevent Mr. Briscoe from testifying. Accordingly, this factor weighs against admission. *Gordon,* 383 F.2d at 940.

Fifth, because the jury will have to assess the testimony of Jane Doe 1, Jane Doe 2, and Jane Doe 3 against Mr. Briscoe's testimony, his credibility is central to the trial. This factor thus

weighs in favor of admission. *Ahaisse,* 2021 WL 2290574, at *3.

A review of the *Smalls* factors thus cuts both ways. On the one hand, the similarity of the prior convictions poses a significant risk of unfair prejudice, and the Court must consider the risk that admission of the prior convictions would prevent Mr. Briscoe from testifying. *Smalls,* 752 F.3d at 1240; *United States v. Causey,* 9 F.3d 1341, 1344 (7th Cir. 1993) (admitting prior conviction but noting that similarity of prior conviction was an "important factor that militate[s] against admission"); *United States v. Puco,* 435 F.2d 539, 542 (2d Cir. 1971) ("The potential for prejudice, moreover, is greatly enhanced where, as here, the prior offense is similar to the one for which the defendant is on trial."). However, the jury must be well-informed in order to weigh the testimony of Mr. Briscoe against the testimony of Jane Doe 1, Jane Doe 2, and Jane Doe 3. *United States v. Lugo,* 170 F.3d 996, 1005 (10th Cir. 1999) (defendant's prior conviction for possessing cocaine with intent to distribute was properly admitted to impeach him and to counter his testimony that he had no involvement with drugs). When prior convictions are potentially unfairly prejudicial, but are nonetheless important for assessing credibility, trial courts have chosen to admit the prior convictions but prohibit the government from presenting the nature of the crimes. *See, e.g., United States v. Fay,* 668 F.2d 375, 379 (8th Cir. 1981) (upholding trial court decision to admit prior convictions but bar presentation of the name and nature of the crimes); *United States v. Young,* No. 17-CR-0694, 2019 WL 133268, at *23–24 (D.N.M. Jan. 8, 2019) (allowing the prosecution to introduce evidence that the defendant had seven convictions, but prohibiting the government from introducing the name, sentences, or details of the crime); *United States v. Chaco,* 801 F. Supp. 2d 1217, 1230 (D.N.M. 2011) (allowing only that the defendant had four prior felony convictions, but prohibiting the government from introducing the names or details of the crimes). The Court finds that this is the best course here, as it will allow the jury to evaluate Mr. Briscoe's

credibility, while mitigating the risk that the jury might consider the prior convictions as improper propensity evidence. *See Old Chief v. United States,* 519 U.S. 172, 185 (1997) ("[T]here can be no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant."). Accordingly, the government may introduce evidence of Mr. Briscoe's prior convictions for impeachment purposes but may not present the nature of the crimes underlying those convictions.

**3. Duress MIL**

The government seeks an order from the Court prohibiting Mr. Briscoe from raising a duress defense at trial—including during *voir dire*, his opening statement, or otherwise injecting the issue into trial through argument, questioning by defense counsel, evidence, or the testimony of defense witnesses. Doc. 144 at 5. The government argues that under Tenth Circuit law, in order to qualify for an instruction on an affirmative defense such as duress, the defendant must first produce evidence of each element of the defense. *Id.* at 3. Here, the government asserts that Mr. Briscoe cannot provide sufficient evidence to support each element of a duress defense and, as a result, he should be barred from raising the issue before the jury. *Id.* at 5.

In its Response, the defense asserts that after Mr. Briscoe allegedly approached Jane Doe 1 and attempted to steal her car, Jane Doe 1 informed her stepbrother and father of the attempted carjacking. Doc. 166 at 1. The brother pursued Mr. Briscoe on foot and yelled threats at him while carrying a firearm. *Id.* Jane Doe 1's father also pursued Mr. Briscoe in a truck while armed with a firearm. *Id.* The defense asserts that Mr. Briscoe is entitled to elicit these facts at trial. *Id.* Further, the defense argues that the government's motion is premature because Mr. Briscoe has the right to present a defense and asks the Court to either deny the government's motion or reserve ruling until after the close of evidence. *Id.* at 2.

The "Tenth Circuit recognizes the affirmative defense of duress," and that "the defendant bears the burden of proving all three of the elements of a duress defense by a preponderance of the evidence." *United States v. Dixon*, 901 F.3d 1170, 1176 (10th Cir. 2018). Those elements are as follows:

1. the defendant was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury to himself [or a family member, or others];

2. the defendant had no reasonable, legal alternative to violating the law, that he had no chance both to refuse to do the criminal act and also to avoid the threatened harm; and

3. a direct causal relationship could have been reasonably anticipated between engaging in the criminal action and avoiding the threatened harm.

*Id.* (quoting Tenth Cir. Crim. Pattern Jury Instr. 1.36 (2021)). While a defendant generally "is entitled to an instruction as to any recognized defense *for which there exists evidence sufficient for a reasonable jury to find in his favor* . . . the right to present an affirmative defense is not absolute." *Dixon*, 901 F.3d at 1177 (emphasis added; citation omitted). Accordingly, the Tenth Circuit has held that, in order to exercise its role as gatekeeper, "[a] district court must refuse to issue a duress-defense instruction when the defendant fails to make a threshold showing of duress sufficient to place the defense in issue." *Id.* (citation omitted).

In *United States v. Graham*, the Tenth Circuit specifically held that to "properly assess the sufficiency of a defendant's duress defense before it is submitted to the jury as part of its gatekeeping responsibilities, . . . [t]he court may conduct this review before trial, during trial, or at the close of evidence before an instruction on the defense is submitted to the jury." 663 F. App'x 622, 625 (10th Cir. 2016). The *Graham* Court identified three alternatives available to a court, namely, to "rule on the adequacy of the defense based on a pretrial proffer," to "permit[] evidence

13

of the defense to be introduced at trial" but "manage the presentation of that evidence by requiring a defendant to first satisfy any one of the elements before proceeding further," or to "permit the defendant to submit relevant evidence in support of the defense but, if the evidence is lacking, [] deny the defendant's request to have an instruction on the defense submitted to the jury." *Id.*

At the pretrial conference, the parties agreed that this Motion could be addressed outside of the presence of the jury after the government's presentation of its case-in-chief. Rough Hearing Transcript ("Hr'g Tr.") at 141:5–7.[1] The defense has agreed that it will not argue duress during *voir dire* or during its opening statement. *Id.* at 142:1–5. Accordingly, the Court will reserve ruling on this motion.

### 4. Defendant Information MIL

The government asks the Court to enter an order prohibiting Mr. Briscoe or his counsel from making any statement or asking any question regarding information or facts only known to Mr. Briscoe unless Mr. Briscoe testifies. Doc. 145. The defense filed a Response in which it states that it intends to comply with all rules of evidence. Doc. 159. At the pretrial conference, the defense argued that it should be able to cross-examine witnesses based on anything as to which they have a good-faith belief. Hr'g Tr. at 144:15–16. Because the government's request is vague and overbroad, the Court will deny the request to categorically exclude information known only to the defendant as unripe. The Court can take up objections to specific questions or evidence at trial. *See United States v. Coriz,* No. 17-CR-1105, 2019 WL 2076791, at *2 (D.N.M. May 10, 2019) (denying a similar motion as unripe); *United States v. Johnson,* No. 18-CR-2665, 2020 WL 406370, at *2 (D.N.M. Jan. 24, 2020) (denying a similar motion as unripe).

---

[1] The Court's citations to the transcript refer to the court reporter's original, unedited version; any final transcripts may contain slightly different page and/or line numbers.

## CONCLUSION

**IT IS THEREFORE ORDERED** that:

(1) United States' Motion *In Limine* to Introduce *Res Gestae* Evidence and Notice of Intent of 404(b) Evidence: Firearm Purchase [Doc. 137] is granted as follows: the government may introduce into evidence the receipt of the firearm transaction, the surveillance footage in which Ms. Salcido is depicted giving Mr. Briscoe the firearm, and testimony from witnesses who were at the store; the government may only introduce evidence of Ms. Salcido's redacted plea agreement for impeachment purposes if she testifies untruthfully;

(2) Notice of Evidence Pursuant to Federal Rule of Evidence 609 [Doc. 139] is granted, as follows: the government may introduce evidence of Mr. Briscoe's prior convictions for impeachment purposes, but may not present the nature of the crimes underlying those convictions;

(3) The Court reserves ruling on United States' Motion *In Limine* to Exclude Duress Defense at Trial [Doc. 144]; and

(4) United States' Motion *In Limine* to Exclude Any Information Only Known to Defendant [Doc. 145] is denied as unripe.

ENTERED this 28th day of November 2023.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE