**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                              No. 20-CR-1777 MV

DAKOTA BRISCOE,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on the government's Motion *in Limine* to Introduce *Res Gestae* Evidence and Notice of Intent of 404(b) Evidence: Double Homicide [Doc. 138] and the Defendant's Objections to the Government's Second Amended Exhibit List [Doc. 210]. Having carefully considered the briefs and relevant law, and being otherwise fully informed, the Court finds that the government's motion is well taken and will be granted. With respect to the defense's objections, the Court will reserve ruling on the defense's objections to Exhibits 19, 20A, and 20B, but the defense's objection to Exhibit 21 will be granted.

**BACKGROUND**

Dakota Briscoe was charged in a nine-count Second Superseding Indictment on June 14, 2022. Doc. 84. This Court severed the counts [Doc. 130] and Mr. Briscoe will be tried first on Counts 4 through 7: Attempted Carjacking in violation of 18 U.S.C. § 2119 (1) (Counts 4 and 5), Carjacking in violation of 18 U.S.C. § 2119(1) (Count 6), and Knowingly Using a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 7). Mr. Briscoe is alleged to have committed these offenses on September 7, 2020. Doc. 84. The government alleges that on the morning of September 7, 2020, Mr. Briscoe was seen on surveillance video in

1

a residential neighborhood in Albuquerque, New Mexico, leaving a Chevrolet Equinox, which was on fire moments after Mr. Briscoe exited the vehicle. Doc. 138 at 1. Albuquerque Fire and Rescue investigators responded to the fire and discovered that there were two deceased people inside the vehicle. *Id.* Both had gunshot wounds to their heads with rear entry wounds. *Id.* Officers from the Albuquerque Police Department responded to the scene and recovered .45 caliber casings from the vehicle and bullet fragments from the heads of the two deceased individuals. *Id.* at 2. The government alleges that Mr. Briscoe fled the burning vehicle and committed two attempted carjackings and one completed carjacking. *Id.* At one of the carjacking scenes, Mr. Briscoe allegedly shot .45 caliber rounds into Jane Doe 3's residence. *Id.* The government intends to introduce expert testimony that the casings recovered from the scene of the double homicide matched the casings recovered from Jane Doe 3's home. *Id.*

## LEGAL STANDARD

The Tenth Circuit has held that "evidence is intrinsic—and thus not subject to Rule 404(b)—when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were *necessary preliminaries* to the crime charged." *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011) (citations and quotations omitted) (emphasis added). Moreover, there is no requirement that intrinsic evidence establish an element of the charged offense. *Id.* Rather, "[e]vidence is considered 'intrinsic' when it is directly connected to the factual circumstances of the crime and *provides contextual or background information to the jury*, and 'extrinsic' when it is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense." *United States v. Alfred*, 982 F.3d 1273, 1279 (10th Cir. 2020), *cert. denied*, 141 S. Ct. 2834 (2021) (emphasis added). Thus, intrinsic evidence is "essential to the context of the crime." *Irving*, 665

F.3d at 1212.

For instance, in *Irving,* the defendant was charged with witness tampering in connection with a murder-for-hire scheme where the intended victim was a local police officer. 665 F.3d at 1187. The district court allowed the intended victim to testify that he had been involved in a prior drug-related investigation of the defendant. *Id.* at 1210.  The Tenth Circuit held that this was properly admitted as *res gestae* evidence because it "illuminate[d] Mr. Irving's ongoing motivation to retaliate against [the victim]." *Id.* at 1213. Accordingly, the Court concluded that the evidence of a prior drug-related investigation relating to the defendant was "germane background information" that was "directly connected to the factual circumstances of the crime." *Id.* (citing *United States v. Parker,* 553 F.3d 1309, 1314 (10th Cir. 2009).

Even if evidence is intrinsic, it still may be excluded under Rule 403. *Irving,* 665 F.3d at 1213. Rule 403 of the Federal Rules of Evidence allows a trial court to exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Exclusion under Rule 403 is an "extraordinary remedy" to be used "sparingly. *United States v. Rodriguez,* 192 F.3d 946, 949 (10th Cir. 1999). To be unfairly prejudicial, evidence must be likely to provoke an emotional response in the jury or "otherwise tend[] to affect adversely the jury's attitude toward the defendant wholly apart from its judgement as to his guilt or innocence of the crime charged." *United States v. Tan,* 254 F.3d 1204, 1211–12 (10th Cir. 2001). The Tenth Circuit has further noted that "evidence of prior acts can have the effect of confusing the issues in a case." *United States v. Guardia,* 135 F.3d 1326, 1330 (10th Cir. 1998). "The decision to exclude evidence under Rule 403 is within the sound discretion of the trial court." *Id.* at 1331.

**DISCUSSION**

I.      **Evidence of the Double-Homicide is Admissible as *Res Gestae* Evidence.**

The government argues that the double-homicide that occurred on the morning of September 7, 2020 "was the flashpoint for the charged carjackings." Doc. 138 at 3. Because the homicides occurred close in time with the carjackings and are probative of Mr. Briscoe's motive for the carjackings (i.e., that he needed a vehicle to flee the scene), the government argues that evidence of the double-homicide is inextricably intertwined with the carjackings. *Id.* In the alternative, the government argues that evidence of the double-homicide is admissible under Rule 404(b) of the Federal Rule of Evidence because it is probative of Mr. Briscoe's motive. *Id.*

The defense argues that the double-homicide and arson were not "part and parcel" of the carjackings and therefore do not constitute *res gestae* evidence. Doc. 163 at 5. Specifically, the defense argues that the evidence of the double-homicide does not substantiate the charges Mr. Briscoe faces in this case. *Id.* at 7. The defense further argues that the double-homicide evidence is not admissible under Rule 404(b) and is unfairly prejudicial under Rule 403. *Id.* Ultimately, the Court finds that the evidence of the double-homicide is admissible *res gestae* evidence, but that the scope of this evidence must be limited to avoid unfair prejudice to Mr. Briscoe.

Evidence of the double-homicide is admissible as *res gestae* evidence. In fact, this Court's severance order was predicated on the assumption that the evidence of the double-homicide would be admissible in a trial for Counts 4 through 7. Doc. 130. Although the defense argues that the double-homicide and carjackings were not part of a scheme or plan, intrinsic evidence does not have to be tied to an overarching scheme or plan, as long as it is directly connected to the crime and provides contextual information to the jury. *Irving,* 665 F.3d at 1212. Like in *Irving,* the double-homicide is essential background information that is "directly connected to the factual

4

circumstances of the crime." 665 F.3d at 1213. The double-homicide occurred minutes before the carjackings, and the government alleges that Mr. Briscoe committed the carjackings immediately after he set the vehicle on fire for the purpose of fleeing from the scene of the crime. Doc. 138 at 3. Thus, even though the double-homicide and the carjackings may not have been part of an ongoing conspiracy, the double-homicide is directly connected to the carjackings because it is "inextricably intertwined with the charged offense" and is "necessary to complete the story of the charged offense." *United States v. Sangiovanni,* No. 10-CR-3239, 2013 WL 1655918 at 10 (D.N.M. March 20, 2013); *see also United States v. Chin,* 83 F.3d 83, 88 (4th Cir. 1996) (evidence of defendant's alleged commission of a prior homicide was admissible because it was "part-and-parcel" of the defendant's heroin dealing business); *United States v. Bell,* 795 F.3d 88, 99–100 (D.C. Cir. 2015) (evidence of defendant's alleged commission of a prior homicide was admissible because it showed that the defendant had "access and familiarity with firearms" and occurred close in time to the conduct charged in the indictment).

Nevertheless, the Court finds that the scope of the evidence of the double-homicide must be limited pursuant to Rule 403 to prevent both confusion of the issues and unfair prejudice. Mr. Briscoe is not on trial for the double-homicide charges before this Court. Accordingly, the introduction of evidence of the double-homicide must be limited in accordance with its narrow purpose, namely, to show Mr. Briscoe's motive for the carjackings. *See Guardia,* 135 F.2d at 1330 (noting that admission of prior acts can confuse the issues in a case). At the pretrial conference, the government stated that it intends to introduce evidence that on the morning of September 7, 2020, Mr. Briscoe got into a vehicle with two other men who were alive, that Mr. Briscoe is later captured on surveillance footage leaving the vehicle, which at that point was on fire, and that firefighters discovered two dead bodies inside the vehicle, both of which had sustained gunshot

wounds. Rough Hearing Transcript ("Hr'g Tr.") at 116:21–118–7.[1] Further, the government intends to introduce evidence regarding the casings discovered in the burnt vehicle. *Id.* In its trial brief, the government states that it will not seek to introduce the following: evidence of the motive behind the double-homicides; evidence from the Albuquerque Fire and Rescue Team that the arson was intentional; evidence from the Office of the Medical Investigator that projectiles were recovered from the decedent's brains; photographs from the autopsies; photographs of the John Does from when they were alive; evidence of the 911 calls from family members of the decedents; and the FBI's "wanted" poster that includes Mr. Briscoe's alias. Doc. 194 at 3–4. The Court addresses the defense's pre-trial objections to exhibits relating to the double-homicide below, and will take up objections to specific evidence at trial.

## II. The Court Will Reserve Ruling on the Defense's Objection to Exhibits 19, 20A, and 20B and Will Grant the Defense's Objection to Exhibit 21.

The defense has filed objections to the introduction of certain evidence related to the double-homicide. Doc. 210. Specifically, the defense has objected to photographs 4, 5, 12, 13, and 16 from Exhibit 19. *Id.* at 2. The defense also objects to Exhibits 20-A, 20-B, and 21. *Id.* at 3.

### A. Exhibit 19

The defense objects specifically to photographs 4, 5, 12, 13, and 16 in Exhibit 19. Doc. 210 at 2. With respect to photograph 4, the defense argues that it appears to be a photograph of an interior part of the vehicle and that it is irrelevant, unduly prejudicial, and cumulative. *Id.* Further, the defense argues that photograph 5 appears to be a close-up of photograph 4. *Id.* Because "it will be well established that the car was engulfed in flames," the defense argues that the photograph does not add any additional information and is therefore unduly prejudicial and cumulative. *Id.*

---

[1] The Court's citations to the transcript refer to the court reporter's original, unedited version; any final transcripts may contain slightly different page and/or line numbers.

Regarding photographs 12 and 13, the defense argues that the photos depict wiring along a shell casing. *Id.* Given the numerous other photographs of shell casings, the defense argues that these photographs are cumulative and would waste time. *Id.* Lastly, with respect to photograph 16, the defense argues that it is unclear what is depicted in the photograph, but it does not appear to be a shell casing. *Id.* Thus, the defense argues, introduction of the photograph would cause an undue waste of time. *Id.*

The government argues in response that the photographs from Exhibit 19 are a selection of photographs from Detective Andrew Hsu's evidence collection efforts for the burned vehicle. Doc. 215 at 3. The government argues that these photographs are relevant to support the theory that Mr. Briscoe possessed a .45 caliber firearm when he committed the carjackings. *Id.* Lastly, the government argues that these photographs would not cause an undue waste of time because the government must prove its case beyond a reasonable doubt. *Id.*

As noted above, exclusion under Rule 403 is an "extraordinary remedy" to be used "sparingly," *Rodriguez,* 192 F.3d at 949, but a district court may exclude evidence where the evidence is cumulative or "wastes time" because it "does not convey information which is in a form useful to the jury." *Specht v. Jensen,* 853 F.2d 805, 814 (10th Cir. 1988). However, without the presentation of testimony and other evidence, the Court cannot assess at this time whether the photographs in Exhibit 19 would be needlessly cumulative or a waste of time. Accordingly, the Court will reserve ruling on the objection.

### B.       Exhibits 20A and 20B

The defense objects to Exhibits 20A and 20B, which depict the burnt vehicle, on the grounds that the exhibits would be cumulative and unnecessary. Doc. 210 at 3. The government argues that the photographs are relevant because evidence of the double-homicide and arson is *res*

*gestae* and Detectives Leah Acata and/or Andrew Hsu will testify that they are a true and accurate depiction of the scene of the burned vehicle. Doc. 215 at 4. Without the presentation of testimony and other evidence, the Court cannot assess at this time whether the photographs in Exhibits 20A and 20B would be needlessly cumulative or a waste of time. Accordingly, the Court will reserve ruling on the objection.

C.      **Exhibit 21**

The defense objects to the introduction of Exhibit 21, which depicts two burned bodies in the burnt vehicle, arguing that the evidence is unfairly prejudicial and cumulative. Doc. 210 at 3. The government argues that the photograph is a true and accurate depiction of the scene of the burned vehicle and is admissible as intrinsic evidence. Doc. 215 at 4. For the following reasons, the Court will grant the defense's objection.

As the Eleventh Circuit has noted, "in some circumstances, the admission of crime scene photographs depicting an uncharged murder may violate Rule 403." *United States v. Harris,* 886 F.3d 1120, 1129 (11th Cir. 2018). In *Harris,* the Court found that the crime scene photos from an uncharged homicide were admissible because the photos were "not particularly sensational" and were probative of whether the defendant had lied to law enforcement when she reported how the murder had happened." *Id.* Here, the photograph is extremely graphic as it depicts two charred dead bodies in the remains of a burnt car. The photograph is thus likely to "provoke an unfair emotional response" against Mr. Briscoe that is "wholly apart from [the jury's] judgment as to his guilt or innocence of the crime charged." *Rodriguez,* 192 F.3d at 951 (quoting *United States v. Roberts,* 88 F.3d 872, 880 (10th Cir. 1996)).

Although "gruesomeness alone does not make photographs inadmissible," *United States v. Naranjo,* 710 F.2d 1465, 1468 (10th Cir. 1983), it is notable here that the photograph also has little

8

probative value. In *Naranjo,* the Tenth Circuit found that even though a photograph of the victim's head and torso at the crime scene was "disturbing," the photograph was admissible because it was probative of several material facts, namely the identification of the deceased and the manner of death. *Id.* Notably, the decision in *Naranjo* arose in a context where the defendant was charged with the homicide of the victim and the manner of death thus was central to the prosecution's case. *Id.* In contrast, the government in the instant case is seeking to admit a gruesome photograph of the scene of an *uncharged* double-homicide and the photograph here is not more meaningfully probative of a material fact otherwise not in evidence. It is significant here that the government intends to show a video of the burning car and photos of the burnt car, and call witnesses who will testify that there were two dead bodies inside the car. Doc. 194. The photograph of the bodies thus is not more significantly probative of Mr. Briscoe's motive to flee the scene than the other evidence the government intends to provide. *See State v. Allies,* 606 P.2d 1043, 1054 (Mont. 1979), *abrogated on other grounds by State v. Cope,* 819 P.2d 1280 (Mont. 1991) (finding that the trial court erred in admitting "gruesome" photographs where the relevant information "could have been and was established without the use of photographs"); *State v. Sargent,* 698 P.2d 598, 604 (Wash. Ct. App. 1985) (trial court erred in admitting photographs of the victim's body at the crime scene where diagrams could have revealed the same information); *State v. Bocharski,* 22 P.3d 43, 49 (Ariz. 2001) (finding that the trial court erred in admitting photographs of the victim's skull with a metal rod going through it because it was not particularly relevant or meaningful to any issues at trial). Accordingly, the photograph is unduly and "designedly inflammatory" as its only apparent purpose is to evoke a strong emotional response in the jury. *Naranjo,* 710 F.2d at 1469. Thus, the defense's objection will be granted.

**CONCLUSION**

Evidence of the double-homicide is *res gestae* because it is directly connected to the carjackings insofar as it provided Mr. Briscoe with a motive to commit the carjackings. Accordingly, the government is permitted to introduce evidence of the double-homicide. The Court will reserve ruling on the defense's objections to Exhibits 19, 20A, and 20B. However, the government is not permitted to introduce into evidence its Proposed Exhibit 21 because the probative value of the photograph is substantially outweighed by its unfair prejudice.

**IT IS THEREFORE ORDERED** as follows: the government's Motion *in Limine* to Introduce *Res Gestae* Evidence and Notice of Intent of 404(b) Evidence: Double Homicide [Doc. 138] is **GRANTED**; the Court reserves ruling on the defense's objections to Exhibits 19, 20A, and 20B; the defense's objection to Exhibit 21 is **GRANTED**.

ENTERED this 1st day of December 2023.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE