UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                            No. 20-CR-1777 MV

DAKOTA BRISCOE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Defendant's Objection to the Government's Second Amended Exhibit List. Doc. 210. The defense objects to Exhibits 2, 19, 20A, 20B, 21, 43A, 43B, 44A, and 44B. *Id.* This Court addressed the objections to Exhibits 19, 20A, 20B, and 21 in a separate Memorandum Opinion and Order. Doc. 218. Having considered the briefs and relevant law, and being otherwise fully informed, the Court finds that the objection to Exhibit 2 will be overruled. The Court will reserve ruling on the objections to 43A, 43B, 44A, and 44B.

## BACKGROUND

Dakota Briscoe was charged in a nine-count Second Superseding Indictment on June 14, 2022. Doc. 84. This Court severed the counts [Doc. 130] and Mr. Briscoe will be tried first on Counts 4 through 7: Attempted Carjacking in violation of 18 U.S.C. § 2119 (1) (Counts 4 and 5), Carjacking in violation of 18 U.S.C. § 2119(1) (Count 6), and Knowingly Using a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 7).

## DISCUSSION

**I. The Court Will Overrule the Defense's Objection to Exhibit 2.**

    **A. Facts**

1

The instant case stems from a series of events alleged to have started on August 1, 2020. Doc. 78 at 1. That day, Mr. Briscoe's wife, Angela Salcido, purchased a firearm and ammunition from JCT Firearms in Bernalillo County. Doc. 42 at 3; Doc. 78 at 1. Witnesses from the store confirmed that Ms. Salcido purchased the firearm and ammunition which she then handed to Mr. Briscoe in the parking lot. *Id.* A representative from JCT Firearms later showed investigators the sales receipt, the ATF Form 4473 filled out by Ms. Salcido, and an example of the firearm that she purchased. Doc. 42 at 4. Ms. Salcido has admitted that she falsely certified that she was the actual buyer of the firearm and instead purchased it for her husband. *Id.* Mr. Briscoe is alleged to have used this firearm to commit the double-homicide and carjackings that occurred on September 7, 2020. Doc. 137 at 1. For her role in the offense, Ms. Salcido was charged jointly in a Superseding Indictment with Mr. Briscoe. Doc. 14. She pleaded guilty to False Statements in Conjunction with the Acquisition of a Firearm, in violation of 18 U.S.C. §§ 922(a)(6), 924, Transfer of a Firearm and Ammunition to a Prohibited Person, in violation of 18 U.S.C. §§ 922(d)(10), 924, and False Statement in a Firearms Transaction, 18 U.S.C. § 924(a)(1)(A). *United States v. Angela Salcido*, 20-CR-1777-MV-2, Doc. 90.  She was sentenced to one day in custody, or time-served, and was placed on supervised release for three years. *Id.*

**B. Analysis**

The defense objects to the government's Exhibit 2, the ATF Form signed by Angela Salcido on August 1, 2020. Doc. 210 at 1. In support of this objection, the defense argues that the ATF Form is analogous to Ms. Salcido's plea agreement, which this Court held may only be introduced as impeachment evidence, because it could improperly give rise to the inference that the purchase of the firearm was a criminal act. *Id.*  The defense further argues the ATF Form should also be excluded under Rule 403 of the Federal Rules of Evidence as needlessly presenting

cumulative evidence and misleading.

The government argues that the ATF Form is not analogous to the plea agreement because, unlike the plea agreement, it does not clearly state that the purchase was a criminal act. Doc. 215 at 2. The government further argues that the probative value of the ATF Form is not substantially outweighed by the danger of unfair prejudice because it would permit "Ms. Salcido to explain her untruthful statement that preceded her purchase of the firearm," without implying that the lie was a criminal act. *Id.*

Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 403 allows a trial court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Exclusion under Rule 403 is an "extraordinary remedy" to be used "sparingly." *United States v. Rodriguez,* 192 F.3d 946, 949 (10th Cir. 1999). The Tenth Circuit has recognized that "[v]irtually all relevant evidence is prejudicial to one side or the other." *See United States v. Alfred*, 982 F.3d 1273, 1282 (10th Cir. 2020) (quoting *United States v. Archuleta*, 737 F.3d 1287, 1293 (10th Cir. 2013)). "For Rule 403 to bar the evidence, the prejudice must be unfair." *Id.* To be unfairly prejudicial, evidence must be likely to provoke an emotional response in the jury or "otherwise tend[] to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Tan,* 254 F.3d 1204, 1211–12 (10th Cir. 2001). The Tenth Circuit has further noted that "evidence of prior acts can have the effect of confusing the issues in a case." *United States v. Guardia,* 135 F.3d 1326, 1330 (10th Cir. 1998). "The decision to exclude evidence under Rule 403 is within the sound discretion of the trial court." *Id.* at 1331.

cumulative

cumulative evidence and misleading.

The government argues that the ATF Form is not analogous to the plea agreement because, unlike the plea agreement, it does not clearly state that the purchase was a criminal act. Doc. 215 at 2. The government further argues that the probative value of the ATF Form is not substantially outweighed by the danger of unfair prejudice because it would permit "Ms. Salcido to explain her untruthful statement that preceded her purchase of the firearm," without implying that the lie was a criminal act. *Id.*

Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 403 allows a trial court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Exclusion under Rule 403 is an "extraordinary remedy" to be used "sparingly." *United States v. Rodriguez,* 192 F.3d 946, 949 (10th Cir. 1999). The Tenth Circuit has recognized that "[v]irtually all relevant evidence is prejudicial to one side or the other." *See United States v. Alfred*, 982 F.3d 1273, 1282 (10th Cir. 2020) (quoting *United States v. Archuleta*, 737 F.3d 1287, 1293 (10th Cir. 2013)). "For Rule 403 to bar the evidence, the prejudice must be unfair." *Id.* To be unfairly prejudicial, evidence must be likely to provoke an emotional response in the jury or "otherwise tend[] to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Tan,* 254 F.3d 1204, 1211–12 (10th Cir. 2001). The Tenth Circuit has further noted that "evidence of prior acts can have the effect of confusing the issues in a case." *United States v. Guardia,* 135 F.3d 1326, 1330 (10th Cir. 1998). "The decision to exclude evidence under Rule 403 is within the sound discretion of the trial court." *Id.* at 1331.

As noted above, exclusion under Rule 403 is an "extraordinary remedy" to be used "sparingly." *Rodriguez,* 192 F.3d at 949. Accordingly, the Tenth Circuit has found that even highly prejudicial evidence is admissible under Rule 403 where the evidence has significant probative value. *See, e.g. United States v. Ford,* 613 F.3d 1263, 1268 (10th Cir. 2010) (finding no unfair prejudice where the district court admitted into evidence testimony that the defendant had escaped from prison because it was probative of an element of the crime). Here, the government must prove that Mr. Briscoe possessed a firearm in connection with the carjackings. Doc. 215 at 2. The government alleges that Ms. Salcido purchased a gun on August 1, 2020 and then gave it to Mr. Briscoe, who used that gun to commit the carjackings on September 7, 2020. *Id.* The ATF Form, which corroborates the purchase, thus has a tendency to make the fact that Ms. Salcido purchased the firearm and gave it to Mr. Briscoe more probable than it would be without the evidence. Fed. R. Evid. 401. Further, the ATF Form, presented as corroboration of the firearm purchase, does not rise to the level of unfairly prejudicial evidence, as it is not indicative of a criminal act or other fact that would unduly influence the jury. *Ford,* 613 at 1268.

However, while the ATF Form itself not analogous to the plea agreement, introduction of evidence that Ms. Salcido falsely represented herself as the purchaser of the firearm at Mr. Briscoe's direction would give rise to the inference that this purchase was a criminal act. Thus, the Court finds that, pursuant its severance order [Doc. 130], the government may only introduce evidence that Ms. Salcido falsely represented herself as the purchaser of the firearm on the ATF Form as impeachment evidence should Ms. Salcido testify untruthfully.

| II. | The Court Will Reserve Ruling on Defendant's Objections to Exhibits 43A, 43B, 44A, and 44B. |
|---|---|

The defense objects to the introduction of the line "I'm positive I could pass a f****** lie detector on that" from the jail call audio and transcript in Exhibits 43A and 43B. Doc. 210 at 3.

The defense also objects to the line "I'm going to beat all this shit on a f****** lie detector if they'll give me a chance" from the jail call audio and transcript in Exhibits 44A and 44B. *Id.* In support of the objection, the defense argues that "if the jury is not presented with the results of a polygraph test, they may assume that Mr. Briscoe failed a polygraph test and could infer guilt based on this." *Id.* Further, the defense objects to references to drug trafficking in the audio and transcript of jail calls in Exhibits 44A and 44B. *Id.* at 3–4. The defense also objects to references to Mr. Briscoe's interview with Detective Acata, which this Court held is inadmissible. *Id.* In its response, the government stated that the jail calls do contain information the government had previously agreed it would not seek to admit. Doc. 215 at 5. Accordingly, the government stated that it will amend the exhibits. *Id.* Because the Court has not yet received the government's amended exhibits, it will reserve ruling on the objections.

## CONCLUSION

**IT IS THEREFORE ORDERED** as follows: the defense's objection to Exhibit 2 is **OVERRULED** but the government may only introduce evidence that Ms. Salcido falsely represented herself as the purchaser of the firearm as impeachment evidence should she testify untruthfully; the Court reserves ruling on the defense's objections to Exhibits 43A, 43B, 44A, and 44B.

ENTERED this 1st day of December, 2023.

_____
MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE